IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

NATHANIEL J. DIXON,

Petitioner,

vs.

ROB JEFFREYS,

Respondent.

**8:22CV341**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Nathaniel J. Dixon's ("Dixon" or "Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Filing No. 1. Respondent requests that the Court dismiss Dixon's petition with prejudice because, inter alia, the petition is barred by the limitations period set forth in 28 U.S.C. § 2244(d). For the reasons that follow, the Court agrees and will dismiss the petition with prejudice.

## I. BACKGROUND

### A. Convictions and Sentences

On April 4, 2019, in the District Court of Sarpy County, Nebraska, a jury found Dixon guilty of burglary and theft by receiving stolen property. Filing No. 12-8 at 149–50. Following an enhancement hearing, the state district court found Dixon to be a habitual criminal. *Id*. at 155–56. On June 3, 2019, the court sentenced Dixon to concurrent prison sentences of 20 to 30 years on each count. *Id*. at 159–60.

### B. Direct Appeal

Dixon, with his trial counsel, filed a direct appeal. On its own motion, the Nebraska Supreme Court moved the case to its docket, and the court entered a written

opinion on August 21, 2020, affirming the state district court's judgment. Filing No. 12-1 at 4; Filing No. 12-3; *see also State v. Dixon*, 947 N.W.2d 563 (Neb. 2020).

## C. Postconviction Proceedings

On August 24, 2021, Dixon filed a timely motion for postconviction relief, alleging various claims of ineffective assistance of counsel, both at trial and on direct appeal, and prosecutorial misconduct. Filing No. 12-9 at 2–17. On March 3, 2022, the state district court filed a written order denying the motion without an evidentiary hearing. *Id.* at 19–26. Dixon appealed, and on July 1, 2022, the Nebraska Court of Appeals dismissed the appeal for lack of jurisdiction for the reason that the notice of appeal and poverty affidavit were not filed within 30 days of the March 3, 2022, order. Filing No. 12-2 at 3. Dixon did not petition the Nebraska Supreme Court for further review. *Id*.

## D. Habeas Petition

Dixon filed his habeas petition in this Court on September 22, 2022. Filing No. 1. As construed by the Court, Dixon's petition alleges the following two claims:

Claim One:     The prosecution committed misconduct by eliciting testimony and offering evidence of sexual assault in violation of Petitioner's due process rights under the Fifth and Fourteenth Amendments.

Claim Two:     Petitioner's conviction was obtained by use of evidence gained pursuant to an illegal search and seizure of Petitioner's backpack in violation of the Fourth Amendment.

Filing No. 8 at 1.

2

In response to the petition, Respondent filed an answer, Filing No. 13, a supporting brief, Filing No. 14, and the relevant state records, Filing No. 12. Dixon did not file a brief in response to Respondent's answer and brief. Respondent filed a notice of case submission on August 18, 2023, and this matter is fully submitted for disposition.

## II. ANALYSIS

Upon review, the Court concludes, as Respondent contends, that Dixon's habeas petition must be dismissed because it was not timely filed and is barred by the limitations period set forth in 28 U.S.C. § 2244(d).[1]

### A. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Because the Court concludes the petition is barred as untimely, the Court need not address Respondent's arguments that Claim One is procedurally defaulted and Claim Two is not cognizable in federal habeas. *See* Filing No. 14 at 10–13.

3

28 U.S.C. § 2244(d)(1).  The statute of limitations period is tolled while a state post-conviction or other collateral review is pending.  *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(2)).

Here, Dixon's state court judgment became final on November 19, 2020, which is ninety days after the Nebraska Supreme Court affirmed his convictions and sentences on direct appeal.  *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that, for petitioners who do not pursue direct review all the way to the United States Supreme Court, a judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires."); *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) ("If the Supreme Court has jurisdiction to review the direct appeal, the judgment becomes final ninety days after the conclusion of the prisoner's direct criminal appeals in the state system.") (citing Sup. Ct. R. 13.1).  Accordingly, the one-year limitations period began to run from November 19, 2020.

The statute of limitations was tolled during the pendency of Dixon's state postconviction proceedings beginning on August 24, 2021, when Dixon filed his state postconviction motion.  Dixon filed his state postconviction motion 278 days after his conviction became final, and those 278 days count toward the one-year limitations period.  *See Bear v. Fayram*, 650 F.3d 1120, 1122 (8th Cir. 2011) (quoting *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001)) ("'[T]he time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period.'").

The state district court denied Dixon's motion on March 3, 2022.  Dixon, however, did not file a timely appeal within 30 days of the state district court's decision as

required by Nebraska law. *See* Neb. Rev. Stat. § 25-1912(1). Instead, Dixon filed a notice of appeal on May 13, 2022, *see* Filing No. 12-2 at 2, but the federal habeas limitations period was not tolled during the 71 days that lapsed in the interim. *See Evans v. Chavis*, 546 U.S. 189, 191 (2006) (a state postconviction application is "pending" in the interval between a lower court's adverse determination and the prisoner's filing of an appeal, "*provided that* the filing of the notice of appeal is timely under state law" (emphasis in original)); *see also Allen v. Frakes*, No. 4:14CV3049, 2015 WL 1470343, at *2 (D. Neb. Mar. 31, 2015). The Nebraska Court of Appeals dismissed Dixon's appeal as untimely and the mandate issued on August 3, 2022. Filing No. 12-2 at 3. At a minimum, Dixon waited another 20 days after the mandate issued to file his habeas petition in this Court,[2] and these 20 days also count towards the one-year limitations period. Even without counting the time during which the Nebraska Court of Appeals had Dixon's postconviction appeal under consideration, at least 369 days count toward the one-year limitations period rendering Dixon's habeas petition untimely under § 2244(d)(1)(A).

## B. Equitable Tolling and Actual Innocence

The limitations period may be subject to equitable tolling. Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing

---

[2] The Court has given Dixon the benefit of the prison mailbox rule in arriving at this figure and assumed his petition was filed on August 23, 2022, which is the date Dixon states he placed his petition in the prison mailing system, Filing No. 1 at 15. *See Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999), *abrogated on other grounds by Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008) (holding that, "for purposes of applying 28 U.S.C. § 2244(d), a pro se prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court").

his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). In addition, in *McQuiggins v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception.

Dixon has not presented any arguments to support the application of equitable tolling or the miscarriage of justice exception. The Court has carefully reviewed the petition and state court records and finds no reason to toll the limitations period or excuse its procedural bar. Thus, Dixon's habeas petition is barred as untimely.

### III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court has applied the appropriate standard and determined that Dixon is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1.     Petitioner's habeas petition, Filing No. 1, is dismissed with prejudice because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d).

2.     The Court will not issue a certificate of appealability in this matter.

3.     The Court will enter a separate judgment.

Dated this 27th day of May, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge